**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| MARCUS SKEETERS, #199165, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 0:06-797-RBH-BD ) ) |
| v. | ) ) |
| WARDEN OF LEE CORRECTIONAL INSTITUTE, HENRY MCMASTER, | ) ) **REPORT AND RECOMMENDATION** ) ) |
| Respondents. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on March 14, 2006.

The Respondents filed a return and motion for summary judgment on May 8, 2006. Petitioner, who is represented by counsel, filed a brief in opposition on May 26, 2006 . This matter is now before the Court for disposition.[1]

**Procedural History**

Petitioner was indicted in August 1993 in Horry County for murder, four counts of assault and battery with intent to kill (ABIK), and unlawful possession of a pistol [Indictment No. 93-GS-26-1396]. (R.pp. 507-509). Petitioner was represented by Orrie West, Esquire. Petitioner was tried by a jury on April 9 and 10, 1993, and found guilty of murder, assault and battery of a high and aggravated nature; three (3) counts of ABIK; and unlawful possession of a weapon. (R.pp. 381-382).

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner was sentenced by the trial judge to life imprisonment for murder; ten (10) years for assault and battery of a high and aggravated nature; twenty (20) years on each conviction of ABIK; and one (1) year for the weapon charge, all sentences consecutive. (R.pp. 387-389).

Petitioner timely filed a direct appeal of his conviction. Petitioner was represented on appeal by M. Anne Pearce, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, and raised the following issue:

> Whether the trial judge committed plain error by improperly and inadequately charging [the] doctrine of transferred intent.

(Supplemental App., p. 3).

The South Carolina Supreme Court affirmed Petitioner's convictions in an order issued March 29, 1995. State v. Skeeters, Memo.Op.95-MO-149 (S.C. March 29, 1995). The Supreme Court issued the Remittitur on April 14, 1995.

Thereafter, on January 2, 1996, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 391-396). Skeeters v. State of South Carolina, 96-CP-26-2. Petitioner raised the following issues in his APCR:

> A. Applicant was denied the right to effective assistance of counsel as guaranteed by the 6th Amendment due to trial counsel not properly investigating the case and not procuring witness statements;
>
> B. Applicant was denied the right to effective assistance of counsel as guaranteed by the 6th Amendment due to trial counsel depriving defendant of a fair trial;
>
> C. Applicant was denied the right to effective assistance of counsel as guaranteed by the 6th Amendment due to trial counsel failure to object to a charge or request an additional charge at trial.

(R.p. 393).

Petitioner also filed two amended petitions, which provided additional arguments to support the



grounds previously set forth in his original petition. (R.pp. 401-444). Petitioner was represented by William M. Bruner, Esquire, and an evidentiary hearing was held on Petitioner's application on February 24, 1998. (R.pp. 445-495). On May 13, 1998, the PCR judge entered an order denying and dismissing the APCR in its entirety. (R.pp. 496-501). Petitioner then filed a Rule 59(e), SCRCP, motion to alter or amend the order; (R.pp. 502-504); which the PCR judge denied on July 24, 2000. (R.p. 505).

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Joseph L. Sanitz, Deputy Chief of the South Carolina Office of Appellate Defense. Petitioner raised the following issue:

> Trial counsel did not provide effective assistance when she failed to request an instruction on transferred intent as it relates to self-defense.

See Petition, p. 2.

On December 13, 2001, the Supreme Court granted the petition and ordered additional briefings on the issue presented. After the filing of additional briefs by both parties, the Supreme Court dismissed the certiorari review as improvidently granted on February 10, 2003,. Skeeters v. State, Memo.Op. 2003-MO-007 (S.C.Sup.Ct. Filed February 10, 2003). The Remittitur was issued on February 26, 2003.

Petitioner then filed a Petition for writ of habeas corpus in the United States District Court on February 10, 2004, raising the following claim:

> Counsel was ineffective when she failed to request an instruction on transferred intent as it relates to manslaughter, and failed to object to the instruction to preserve the objection for the record.

Skeeters v. Ozmint, C/A No. 0:04-0411-10BD; See Petition, pp. 3-4.

The undersigned issued a report and recommendation in that habeas case on January 13, 2005,

3



finding that the issue presented was procedurally defaulted, that the Respondents' motion for summary judgment should be granted, and that the petition should be dismissed. On April 5, 2005, the Honorable Matthew J. Perry, Jr., Senior United States District Judge, issued an order adopting the report and recommendation, granting Respondents' motion for summary judgment, and dismissing the Petition.

Petitioner then filed a second PCR application on June 7, 2005. The Respondents represent in their motion that this second APCR is still pending. However, Petitioner states in his response that he has requested to withdraw his second PCR application, although no order of withdrawal has been provided. See Memorandum in Support of Petition for Writ of Habeas Corpus, p. 8. In any event, Petitioner filed his current Petition for writ of habeas corpus in the United States District Court on March 14, 2006, raising the following claim:

> Did Petitioner receive the ineffective assistance of counsel at trial due to counsel's failure to request a jury instruction on the issue of self defense and transferred intent?

See Memorandum in Support of Petition for Writ of Habeas Corpus, p. 8; Habeas Petition, pp. 6-7.

**Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.

**I.**

Respondents argue in their motion that the Petition is subject to dismissal on several

4



separate grounds, one of which is that Petitioner failed to file this application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies, and that it is therefore time barred.  The undersigned agrees that this Petition is subject to dismissal on this ground.

As provided by statute, the limitation period for filing a federal habeas petition runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Section 2244(d) is part of the Anti-terrorism and Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. Under this statute, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled. See Pub.L. 104-132, Title I, § 104, 110 Stat. 1218; Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998) [adopting one (1) year as the reasonable period];  Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), cert. granted in part, 117 S.Ct. 726 (1997), rev'd on other grounds, 117 S.Ct. 2059 (1997); Duarte v. Hershberger,



947 F.Supp. 146, 148-149 (D.N.J. 1996); see also Curtis v. Class, 939 F.Supp. 703, 705-708 (D.S.D. 1996).

The filing of an APCR will normally toll the running of the statute. Therefore, since the Petitioner already had a pending APCR on April 24, 1996, the period of limitations was tolled during the pendency of that APCR, until February 26, 2003, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000).

By the time Petitioner thereafter filed his first federal habeas petition on February 10, 2004, three hundred four nine (349) days of non-tolled time had passed since the dismissal of his APCR. Respondents point out that the filing of a federal habeas petition does not itself normally toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181 (2001)["[W]e are convinced that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition."]; See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002)["[T]he fact that § 2244(d)(2) does not cause exclusion of the federal petitioner's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds."]. However, even assuming arguendo that the statute could be tolled under an equitable tolling theory during the pendency of Petitioner's first habeas Petition, Petitioner's first federal habeas petition was dismissed on April 26, 2005. See, note 3, infra. From that point, an additional forty-one days of non-tolled time passed prior to Petitioner filing his



second APCR on June 7, 2005.

Since Petitioner's second APCR was filed over one year late under state law, it is doubtful that it would toll the federal statute of limitations any further.[2] In any event, when the non-tolled time that expired prior to the filing of Petitioner's first federal habeas action and the non-tolled time that expired between the dismissal of that Petition and the filing of Petitioner's second APCR are added together, three hundred and ninety (390) days of non-tolled time passed from the Petitioner's judgment of conviction and the filing of this federal habeas Petition. Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief for his claim. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999); Andrews v. Johnson, 976 F.Supp. 527 (N.D.Tex. 1997).

**II.**

The Fourth Circuit has held that the one year statute of limitations is subject to

---

[2]Petitioner's second APCR (which Petitioner's counsel represents he has now withdrawn) would appear to be time barred under South Carolina law. See S.C.Code Ann. § 17-27-45(a) [setting forth one year statute of limitations for pursuing post-conviction relief]. If Petitioner's second APCR is time barred (the current record does not show whether the state court found it to be time barred, whether it was withdrawn, or whether it is still pending), it would not be deemed to have been "properly" filed, and the federal statute of limitations would not be tolled while it was pending. Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)].

7



equitable tolling. See   Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330).  Citing this doctrine, Petitioner argues that even if he failed to timely file this Petition, he should be excused from this filing requirement because he has tried to diligently pursue his remedies and his first habeas petition was dismissed in order to allow him to exhaust his state court remedies.[3] This argument is without merit.

The Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, with the Petitioner having the burden of showing that he is entitled to this extraordinary relief.  Harris, 209 F.3d at 330; see also  Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  No such showing has been made in this case.   Even assuming that the first petition was dismissed so as to allow Petitioner to exhaust his state court remedies, there is no evidence that he in fact did so.[4] Further, Petitioner is not attempting in his present federal Petition to raise the same issue raised previously.  Rather, Petitioner has presented an issue that was exhausted at the time he filed his first federal habeas petition, but that he chose not to raise in that petition; i.e., that his counsel was ineffective when counsel failed to request an instruction on transferred intent *as it relates to self-defense.*  This issue was raised in

---

[3] Respondents dispute that the first petition was dismissed so as to allow Petitioner to exhaust his state court remedies because the District Judge adopted the report and recommendation, which recommended that the action be dismissed with prejudice since the only issue raised was procedurally barred.  It is not clear from the record, however, whether that dismissal was with or without prejudice.  While the Report and Recommendation recommended that the dismissal be with prejudice, Judge Perry's order adopting the Report and Recommendation stated that the dismissal was without prejudice. See C/A No. 0:04-0411-10BD, Document # 14. The judgment was entered on April 12, 2005.  Respondents thereafter filed a motion to alter or amend on April 18, 2005, seeking to have the dismissal changed to "with prejudice".  The Court denied the motion on April 25, 2005, but also directed the Clerk to enter an amended judgment deleting "without  prejudice."  The amended judgment was entered on April 26, 2005.

[4] Petitioner himself asserts that he withdrew his APCR filed after the dismissal of his first federal petition.

8



Petitioner's first APCR and in his PCR appeal. In fact, the undersigned specifically noted in the report and recommendation in Petitioner's first habeas petition that "the only issue Petitioner appealed to the state Supreme Court was whether his counsel was ineffective for failing to request an instruction on transferred intent *as it relates to self-defense*." Report and Recommendation, p. 4; see Petitioner's Writ for Certiorari, p. 2.

Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Further, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113). Here, Petitioner did not raise this issue in his first habeas petition even though it was already exhausted at that time and could have been raised. Therefore, Petitioner is not entitled to equitable tolling under the facts of this case and a review of the applicable caselaw.

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
November 21, 2006

9



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

10

