UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Marcus Skeeters, #199165, | ) ) | C/A No. 0:06-797-RBH |
| Petitioner, | ) ) | |
| vs. | ) ) | **O R D E R** |
| Warden of Lee Correctional Institute, Henry McMaster, | ) ) ) ) ) | |
| Respondents. | ) ) | |

Petitioner Marcus Skeeters is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on March 14, 2006.

**PROCEDURAL HISTORY**

Petitioner was indicted in August 1993 by the Horry County Grand Jury for murder, four counts of assault and battery with intent to kill (ABIK), and unlawful possession of a pistol. The case was tried before a jury in state court before Judge Sidney T. Floyd on April 9-10, 1993. The jury convicted the petitioner of murder, assault and battery of a high and aggravated nature; three counts of ABIK; and unlawful possesion of a weapon. He was sentenced to life imprisonment for murder, ten years for assault and battery of a high and aggravated nature, twenty years on each conviction of ABIK, and one year for the weapon charge, running consecutively.

Petitioner appealed his conviction and sentence to the South Carolina Supreme Court, which affirmed the conviction. *State v. Skeeters*, Mem. Op.95- MO-149 ( filed March 29, 1995). The

1

remittitur was issued on April 14, 1995. The sole issue presented on appeal was "whether the trial judge committed plain error by improperly and inadequately charging [the] doctrine of transferred intent." The Return and Memorandum of Law in Support of Motion for Summary Judgment indicates that the final brief of the appellant alleged: "Appellant was entitled to a full and complete charge on the doctrine of transferred intent as it applies to manslaughter... and self defense, as well as murder." The Supreme Court affirmed the case on the basis that failure to object to a charge precludes raising the issue on appeal.

Almost a year later, on January 2, 1996, the petitioner filed an application for post-conviction relief ("PCR"), which was subsequently amended. The original grounds for the PCR centered around alleged ineffective assistance of counsel in not properly investigating the case and failure to object to an unspecified charge or request an additional charge at trial. The brief in support of the amended PCR asserted that trial counsel's failure to object or request an additional charge on the doctrine of **transferred intent** "**as it applies to manslaughter**, assault and battery with intent to kill, assault and battery of a high and aggravated nature, **and self defense**, as well as murder, constitutes ineffective assistance of counsel. . ." (Emphasis added). Circuit Judge James Lockemy held an evidentiary hearing on February 24, 1998. Judge Lockemy issued an order dismissing the PCR petition on May 13, 1998; he denied the petitioner's motion to alter or amend on July 24, 2000.

Petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court, which was granted. The sole issue presented to the Supreme Court was whether trial counsel provided effective assistance of counsel when she did not request an instruction on **transferred intent as it relates to self-defense**. The Supreme Court subsequently issued an opinion dismissing the petition as improvidently granted. *Skeeters v. State*, Mem. Op.No. 2003-MO-007 (February 10, 2003). The

remittitur was issued on February 26, 2003.

The petitioner then filed a petition for writ of habeas corpus in the United States District Court on February 10, 2004 on the basis that his trial attorney was ineffective when she failed to request an instruction on **transferred intent as it relates to manslaughter** and failed to object to the judge's jury instruction. Magistrate Judge Bristow Marchant recommended that the motion for summary judgment by the respondents be granted and the case be dismissed with prejudice on the basis that the issue was procedurally barred, since it was not presented to the South Carolina Supreme Court. The Magistrate Judge recommended a finding that habeas review was thus precluded, since the petitioner had not shown cause and prejudice or actual innocence on the basis of *Coleman v. Thompson*, 501 U.S. 722 (1991). The Honorable Matthew J. Perry, Jr., Senior United States District Judge, adopted the Report and Recommendation by the Magistrate Judge, granted the respondents' motion for summary judgment, and dismissed the action without prejudice. Judge Perry's order does not indicate the reason why the case was dismissed *without prejudice* rather than *with prejudice* as recommended by the Magistrate Judge, but it does note that the petitioner in his objections requested the court to dismiss the case without prejudice so that he could attempt to exhaust the issue in state court. The respondents moved to alter or amend the judgment on the basis that no further state remedy was available at that time, since the petitioner had already pursued a state PCR claim and successive PCR applications are barred under S.C. Code Ann. § 17-27-90 (1985). Respondents requested that the judgment be amended to dismiss the case with prejudice. Judge Perry then entered an order denying the motion to alter or amend and directing the Clerk to enter an amended judgment "reflecting a dismissal only." The amended judgment was entered on April 26, 2005.

The petitioner filed a second petition for habeas corpus which is the subject of this Order on

March 14, 2006. The current petition for habeas corpus alleges ineffective assistance of counsel in counsel's failure to request a jury instruction on the issue of **self-defense and transferred intent**. The respondents filed a return and motion for summary judgment on May 8, 2006.[1] The petitioner (through counsel) filed a brief in opposition to summary judgment on May 26, 2006.

The Magistrate Judge issued a report and recommendation on November 21, 2006 recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed with prejudice based on the statute of limitations. On December 1, 2006, the petitioner (through counsel) filed objections to the Report.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant filed November 21, 2006. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report

---

[1] The grounds for the motion for summary judgment were that the petitioner did not seek authorization to file a second habeas petition as required by 28 U.S.C. § 2244(b)(3)(A); the petition raises an issue which could have been raised in the prior action but was not included and should accordingly be dismissed pursuant to § 2244(b)(2); and the petition was barred by the statute of limitations.

4

thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d),[2] which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case at bar, the petitioner has not challenged the recommended finding by the Magistrate

---

[2] The effective date for AEDPA was April 24, 1996.

Judge as to the calculation of the timeliness of his petition under AEDPA, 28 U.S.C. § 2244(d).[3]  His sole objection states:

> Petitioner objects to the Magistrate Judge's failure to apply the equitable tolling doctrine regarding the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to the petition for writ of habeas corpus filed in this action.

This argument lacks merit.  While the United States Supreme Court has apparently never held that the doctrine of equitable tolling applies to the AEDPA statute of limitations, the Court has set forth the requirements for a finding that a statute of limitations has been equitably tolled.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fourth Circuit has held that the doctrine of equitable tolling may apply to 28 U.S.C. §2244 where the defendant acted wrongfully or "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time", the Court has made clear that the doctrine must be applied in very limited situations.

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  *See also Rouse v. Lee*, 339 F.3d 238, 246 (4th

---

[3] Petitioner's first PCR action was pending when the AEDPA became effective.  Therefore, his limitations period was tolled during this PCR action until February 26, 2003.  Petitioner waited 349 days (almost a year) after his PCR was dismissed to file his first habeas petition on February 10, 2004.

Cir. 2003).

In *Harris*, the petitioner contended that his attorney gave him erroneous advice regarding his deadline for habeas corpus proceedings and that his deadline should accordingly be tolled. The Court held that the attorney's mistake did not constitute an extraordinary circumstance that would justify equitable tolling, citing among other cases, *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991), holding equitable tolling did not apply where the petitioner himself was unfamiliar with the legal process. In *Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001), the district court equitably tolled the statute of limitations where the petitioner waited until the last day of the one-year limitations period to file his state post-conviction relief proceedings and he thus did not have sufficient time to receive the PCR order in the mail and then file his petition for habeas corpus. However, the Fourth Circuit reversed, pointing out that, "although the criminal judgment against Spencer became final when he pled no contest to second-degree murder in January, 1991, he waited over a year . . . to file his first state (PCR)." Id. at 630-631. In a dissenting opinion, Fourth Circuit Judge King opined that the case presented a case of "unique circumstances" due to the fact the district judge had granted the plaintiff a fourteen-day extension of time. (In the case at bar, no such extension was granted.)

In the instant case, the petitioner asserts that his attorney who represented him in his first petition for habeas corpus erroneously requested dismissal of the action without prejudice so that additional state remedies as to ineffective assistance of counsel with respect to transferred intent and manslaughter could be pursued, when this position was not meritorious. He further asserts that he had already exhausted his administrative remedies as to the issue pursued in the instant action of ineffective assistance of counsel regarding transferred intent and self defense, which allegedly was meritorious. He contends that equitable tolling should apply in the case at bar on the basis that the petition is meritorious

and consistent with actual innocence.

This argument lacks merit. While this Court agrees that under Fed. R. Civ. P. 41(b), the dismissal of the prior habeas petition by Judge Perry was without prejudice, the instant case is controlled by the holding of *Harris* that any mistake by the petitioner's attorney regarding the advisability of pursuing additional state remedies does not constitute an extraordinary circumstance that would justify equitable tolling of the AEDPA statute of limitations. As noted by the Magistrate Judge, the limitations period was tolled during the pendency of the petitioner's first PCR until February 26, 2003. The petitioner did not take any further action until February 10, 2004, when the first habeas corpus petition was filed. The filing of a habeas corpus petition "is not an 'application for state post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, the filing of the petitioner's first habeas petition did not toll the statute of limitations. Assuming the first habeas proceeding did toll the statute, the petitioner waited forty-one days after it was dismissed to file his second PCR in state court, and this time would not be considered tolled. In addition, the time during which the second PCR was pending would not result in tolling of the habeas statute of limitations, since state law provides for a one year statute of limitations for filing a PCR and the second PCR application was therefore filed late and could not be considered "timely filed" under AEDPA. *See* S.C. Code Ann. § 17-27-45(a) (1976), as amended; *Pace*, 544 U.S. at 417. Therefore, the court agrees with the Magistrate Judge that the petitioner cannot be found to have diligently sought to protect his rights. The issue which the petitioner attempts to raise in the instant habeas petition had been exhausted at the time he filed his first habeas petition; however, he did not raise the issue at that time. The Court refuses to apply the doctrine of equitable tolling to allow the petitioner to proceed in this case.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

January 17, 2007
Florence, South Carolina